774 P.2d 805

**STATE of Arizona, Appellee,**

v.

**Ricky Wayne TISON, Appellant.**

**STATE of Arizona, Appellee,**

v.

**Raymond Curtis TISON, Appellant.**

Nos. CR–87–0294–AP, CR–87–0295–AP.

Supreme Court of Arizona,
En Banc.

May 2, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Davis, Gugino & Piccarreta, P.C. by Michael J. Piccarreta, Tucson, and Hale and Dorr by Robert D. Keefe, Cynthia O. Hamilton, Ian Crawford and Mitchell D. Kamarck, Boston, Mass., for Ricky Wayne Tison.

Tryon, Heller & Rayes, P.C. by David M. Heller, Phoenix, and Alan M. Dershowitz, Cambridge, Mass., for Raymond Curtis Tison.

PER CURIAM.

On April 21, 1987, the United States Supreme Court vacated this court's previous judgment in this matter, holding that we had applied an erroneous standard in making the findings required by *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). Following denial of a petition for rehearing, the Court remanded the case to this court. *See Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127, *reh'g denied*, 482 U.S. 921, 107 S.Ct. 3201, 96 L.Ed.2d 688 (1987). We, in turn, remanded the case to the Yuma County Superior Court "for such *Enmund* findings as may be appropriate under *Tison v. Arizona* [481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987)] No. 84–6075, United States Supreme Court, decided April 21, 1987, and for resentencing."

Following our remand, the trial judge originally set the matter for an evidentiary hearing. However, before the hearing was held, the trial judge concluded that an evidentiary hearing was unnecessary. He ruled that the only issue to be decided in each case was whether the defendant "exhibited reckless indifference to human life." That language did, indeed, track that of the Supreme Court. Based solely on the record previously made, and expressly precluding any other evidence, the trial judge found that each brother possessed a "reckless indifference to human life," and resentenced each to death without permitting either party to present any additional mitigating evidence. Both defendants appeal.

**502**

When we remanded this case for *Enmund/Tison* findings and for resentencing, we intended that the trial court would conduct an evidentiary hearing. We recognize that the Supreme Court has, so far, largely left to the states the manner of making *Enmund* findings. *See Cabana v. Bullock,* 474 U.S. 376, 388 n. 5, 106 S.Ct. 689, 698 n. 5, 88 L.Ed.2d 704, 718 n. 5 (1986). In Arizona, we have concluded that it is, in the first instance, a function of the trial judge to make *Enmund* findings. *State v. McDaniel,* 136 Ariz. 188, 199, 665 P.2d 70, 81 (1983). These findings must be made beyond a reasonable doubt and are in addition to other determinations made in an aggravation/mitigation hearing. *Id.* We will not make *Enmund* findings at the appellate level unless the "record compels an affirmative finding that the defendant killed, attempted to kill or intended to kill." *State v. Emery,* 141 Ariz. 549, 553, 688 P.2d 175, 179 (1984).

Because this case was tried before *Enmund,* and because the Supreme Court's decision in this case modifies *Enmund,* no evidentiary hearing focusing on the requisite *Enmund/Tison* findings has ever been conducted in this case. Such findings are constitutional prerequisites to the consideration of a death penalty. The law requires that each party be given an opportunity to present evidence on those factual issues. Accordingly, we must vacate the sentences herein and remand for an evidentiary hearing on *Enmund/Tison* issues and for resentencing under the following guidelines:

1. On the *Enmund/Tison* findings, any evidence bearing on these findings which has heretofore been properly received in evidence with respect to a given defendant may be used in that defendant's case.

2. Either party in each case may offer such additional evidence bearing on *Enmund/Tison* issues as they wish, to be received and considered according to the usual rules of evidence.

3. On resentencing, matters of aggravation or mitigation already properly of record in each defendant's case may be used in that defendant's case according to

the respective standards of proof under A.R.S. § 13–703(C).

4. Either party may offer additional evidence of aggravation or mitigation applicable in each case as of the time of the hearing according to the respective standards of proof under A.R.S. § 13–703(C).

Other issues have been raised on appeal. We decline to address those issues at this time in view of the necessity to remand for a proper evidentiary hearing and for resentencing. To the extent the issues remain material following resentencing, they may, of course, be raised by a later appeal.